MURPHY,' Circuit Judge,
dissenting in part.
A habeas petitioner is entitled to a certificate of appealability (COA) if “reason *599 able jurists could debate” whether the petitioner is entitled to a writ of habeas corpus. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); see 28 U.S.C. § 2253(c)(2). Since reasonable jurists could debate whether the state court unreasonably concluded that Jerry Vang’s trial counsel had not provided ineffective assistance of counsel, I dissent from the decision to deny a certificate of appealability on that claim.
To establish a claim for ineffective assistance of counsel, a petitioner must show that counsel performed deficiently and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Vang alleges that his trial counsel provided ineffective assistance by advising him to reject a plea bargain offered by the prosecution and to go to trial on a self defense theory. On collateral review, the Minnesota Supreme Court rejected his theory although it considered it a “close call” whether “trial counsel’s alleged advice was objectively unreasonable.” State v. Vang, 847 N.W.2d 248, 268 (Minn. 2014).
In denying Vang habeas relief and a certificate of appealability on his ineffective assistance of counsel claim, the district court referred to the “’doubly deferential’ standard of review that gives both the state court and the defense attorney the benefit of the doubt.” See Burt v. Titlow, — U.S. -, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)). That standard does not of course mandate the outcome of such a review. Appellate courts regularly review habeas claims brought under 28 U.S.C. § 2254 that raise ineffective assistance of counsel questions. See, e.g., Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 1390, 182 L.Ed.2d 398 (2012).
Here, there is affirmative evidence that Vang’s trial counsel’s advice to proceed to trial on a self defense theory may have been objectively unreasonable. The lawyer Vang previously retained had concluded that Vang lacked “a viable self-defense defense” because “there- was nothing to-suggest Mr. Vang had to shoot the victims to prevent great bodily harm of [sic] death.” Consistent with that conclusion, Vang testified at trial on cross examination that he could have left the scene without shooting the two victims, thereby weakening any claim to self defense. See Minn. Stat. § 609.065 (precluding use of deadly force “except when necessary in resisting or preventing ... great bodily harm or death”); Minnesota v. Basting, 572 N.W.2d 281, 285-86 (Minn. 1997). A reasonable jurist could conclude that no reasonable lawyer would advise a client to proceed to trial on a self defense theory where there has been no evidence that the defendant faced great bodily harm or death (let alone in circumstances like here where the defendant’s own statements undermined that claim). See Tenny v. Cockrell, 420 F.Supp.2d 617, 627-33 (W.D. Tex. 2004), aff'd 416 F.3d 404, 407-08 (5th Cir. 2005).
The state post conviction court reasoned that Vang’s trial counsel could not have been aware that his testimony would undermine his claim to self defense. Indeed, the district court stated that “[i]t strains credulity ... to think that [Vang’s] attorney, or any attorney, would have proffered such a defense had he known that the petitioner would have testified in this manner.” Vang nevertheless testified consistently with a statement that he had made to law enforcement immediately following his arrest and another he had given to his codefendant’s attorney. Both of those pretrial statements indicate that Vang had fired his weapon not because he was physically threatened by the victims, but rather because he was angry that one of them had disrespected him and his family.
*600 On this record it appears that trial counsel did not sufficiently investigate Vang’s prior testimony and that the decision to pursue a self defense claim was not “strategic” or entitled to deference by the state court. See Wiggins v. Smith, 539 U.S. 510, 527, 128 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Alternatively, the record may also be read as suggesting that Vang’s counsel may have given objectively unreasonable advice. Under either situation, reasonable jurists could debate whether the state court unreasonably applied Strickland to the facts of Vang’s case. Vang is entitled to an opportunity for full briefing on his ineffective assistance of counsel claim. For that reason, I dissent in part from the denial of a certificate of appealability.[2]

. I agree that Vang is not entitled to a certificate of appealability on his two remaining claims.